# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COURTNEY LAMONT COOPER, CDCR #J-29615,<br><br>                     Plaintiff,<br><br>vs.<br><br>MARTIN ERICK LEVINE, M.D.,<br><br>                     Defendant. | Civil No.   05-2119 WQH (POR)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION PURSUANT TO FED.R.CIV.P. 59(e) AND S.D. CAL. CIVLR 7.1(i)(1)**<br><br>**[Doc. No. 39]** |

Hayes, Judge:

Currently before the Court is Plaintiff's "Motion for Reconsideration" [Doc. No. 39]. Plaintiff seeks reconsideration of the Court's May 25, 2007 Order granting in part and denying in part Defendant's Motion to Dismiss his Second Amended Complaint and dismissing the action for failure to state a claim pursuant to FED.R.CIV.P. 12(b)(6) [Doc. No. 36].

The Court has found the matter suitable for decision without oral argument pursuant to S.D. Cal. Civil Local Rule 7.1(d)(1), and for the reasons set forth below, DENIES Plaintiff's Motion pursuant to FED.R.CIV.P. 59(e) and S.D. Cal. Civil Local Rule 7.1(i)(1).

///

# I.

## PROCEDURAL HISTORY

Both Plaintiff's original civil rights Complaint, filed on November 15, 2005, as well as his First Amended Complaint ("FAC"), filed on June 22, 2006, alleged Eighth Amendment violations against Calipatria State Prison Chief Medical Officer ("CMO") Levine pursuant to 42 U.S.C. § 1983 based on claims he refused to provide Plaintiff with necessary medical treatment for complications suffered as the result of jaw surgery first performed in March 2001.

On September 8, 2006, this Court dismissed Plaintiff's First Amended Complaint pursuant to FED.R.CIV.P. 12(b)(6) [Doc. No. 21]. Specifically, the Court found that while the allegations Plaintiff set forth in his First Amended Complaint against CMO Levine were not barred by the statute of limitations, they nonetheless were insufficient to show the deliberate indifference required to support an Eighth Amendment violation. (*See* Sept. 8, 2006 Order at 5-9.) Plaintiff was granted leave to amend, and on November 13, 2006, he filed a Second Amended Complaint ("SAC") [Doc. No. 27].

Plaintiff's Second Amended Complaint re-alleged Eighth Amendment inadequate medical care claims against CMO Levine pre-dating those alleged in his First Amended Complaint. It also named two additional defendants: Richard Torchia, the doctor employed by Alvarado Hospital who originally performed Plaintiff's jaw surgery in 2001 and who treated him afterward, and Dr. Perry T. Mansfield, another Alvarado doctor who provided Plaintiff post-operative care. (*See* SAC ¶¶ 7, 8.) Plaintiff's Second Amended Complaint asserted four separate causes of action: (1) "malpractice and negligence" on the part of Dr. Torchia, (*id.* ¶¶ 74-80); (2) "misrepresentation and fraud" committed by Dr. Mansfield, (*id.* ¶¶ 81-82); (3) "deliberate indifference" under the Eighth Amendment by Dr. Torchia and CMO Levine, (*id.* ¶¶ 83-90); and (4) "retaliation" by Dr. Torchia. (*Id.* ¶ 91.)

On May 25, 2007, this Court dismissed Plaintiff's claims against Drs. Torchia and Mansfield for failure to serve pursuant to FED.R.CIV.P. 4(m) and as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(i) and 1915A(b), granted CMO Levine's Motion to Dismiss to the extent Plaintiff sought damages against him for acts taken in his official capacity pursuant to

FED.R.CIV.P. 12(b)(6), and denied Levine's Motion to Dismiss Plaintiff's claims as barred by the statute of limitations pursuant to FED.R.CIV.P. 12(b)(6).

Nevertheless, the Court found Plaintiff's Second Amended Complaint failed to state an Eighth Amendment inadequate medical care claim against CMO Levine, granted his Motion to Dismiss on that basis pursuant to FED.R.CIV.P. 12(b)(6), and denied Plaintiff leave to amend as futile. (*See* May 25, 2007 Order [Doc. No. 36] at 23.)

## II.

### PLAINTIFF'S MOTION

Plaintiff now asks this Court to "accept additional testimony" in the form of several exhibits which he claims provide supplemental support for his allegations of deliberate indifference against CMO Levine and then "reconsider the grounds on which the Order dismissing [his] Complaint were based." (Pl.'s Mot. at 1.) Defendants have filed an Opposition [Doc. No. 41], to which Plaintiff has submitted a Reply [Doc. No. 43].

**A.  Standard of Review**

Motions for reconsideration filed pursuant to a Court's Local Rules may be construed as motions to alter or amend judgment under Federal Rule of Civil Procedure 59(e). *Osterneck v. Ernst & Whinney*, 489 U.S. 169 (1989). In *Osterneck*, the Supreme Court stated that "a postjudgment motion will be considered a Rule 59(e) motion where it involves 'reconsideration of matters properly encompassed in a decision on the merits.'" 489 U.S. at 174 (quoting *White v. New Hampshire Dep't of Employ't Sec.*, 455 U.S. 445, 451 (1982)).

Because Plaintiff's current Motion seeks reconsideration of the Court's May 25, 2007 Order, and was signed on June 6, 2007, it is subject to the "mailbox rule" which provides that a prisoner's documents are considered "filed" at the time they are deposited into the prison's institutional mail delivery system. *See Houston v. Lack*, 487 U.S. 266, 270-72 (1988) (holding that a notice of appeal filed by a pro se prisoner is deemed to be "filed" when it is delivered to prison authorities for forwarding to the district court). Therefore, Federal Rule of Civil Procedure 59(e) applies. *See* FED.R.CIV.P. 59(e) ("Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment."); FED.R.CIV.P. 6(a) ("When the

period of time prescribed or allowed [by the Federal Rules of Civil Procedure] is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation."); *American Ironworks & Erectors, Inc. v. North Am. Constr. Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001); *see also Simmons v. Ghent*, 970 F.2d 392, 393 (7th Cir. 1992) (holding that the *Houston*'s 'mailbox rule' applies equally to other inmate filings, including Rule 59(e) motions).

"A motion for reconsideration under Rule 59(e) should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *McQuillion v. Duncan*, 342 F.3d 1012, 1014 (9th Cir. 2003) (internal citations and emphasis omitted). This type of motion seeks "a substantive change of mind by the court." *Tripati v. Henman*, 845 F.2d 205, 206 n.1 (9th Cir. 1988) (quoting *Miller v. Transamerican Press, Inc.*, 709 F.2d 524, 526 (9th Cir. 1983)).

However, "motions to reconsider are not vehicles permitting the unsuccessful party to 'rehash' arguments previously presented." *United States v. Navarro*, 972 F. Supp. 1296, 1299 (E.D. Cal. 1997) (rejecting "after thoughts" and "shifting of ground" as appropriate grounds for reconsideration under FED.R.CIV.P. 59(e)). Similarly, the district court has discretion to decline to consider an issue raised for the first time in a motion for reconsideration. *Rosenfeld v. U.S. Dept. of Justice*, 57 F.3d 803, 811 (9th Cir. 1995). In fact, the Ninth Circuit has specifically cautioned that a motion for reconsideration filed pursuant to Federal Rule of Civil Procedure 59(e) "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enterprises, Inc. v. Bishop*, 229 F.3d 877, 890 (9th Cir. 2000); *see also Beyah v. Murphy*, 825 F. Supp. 213, 214 (E.D. Wis. 1993) (Rule 59(e) "'cannot be used to raise arguments which could, and should, have been made before judgment issued.'") (quoting *FDIC v. Meyer*, 781 F.2d 1260, 1268 (7th Cir. 1986)).

**B.     Application to Plaintiff's Case**

Plaintiff attaches several new exhibits to his Motion for Reconsideration: 1) a letter from Dr. Torchia to CMO Levine, dated May 15, 2001; (Pl.'s Ex. 1); 2) two "Inmate Request for

1  Interview" Forms, dated January 5, 2002, and February 11, 2003, addressed to Levine, (Pl.'s Ex.
2  2); and 3) an operative report by Dr. Barsan, dated March 2, 2004 (Pl.'s Ex. 3).

3  These exhibits provide no "newly discovered evidence" which would undermine or in any
4  way call into question the reliability or legal validity of the Court's May 25, 2007 judgment; nor
5  do they show that the Court committed any "clear error" in dismissing Plaintiff's Eighth
6  Amendment inadequate medical treatment claims against Dr. Levine. *McQuillion*, 342 F.3d at
7  1014. Instead, the Court finds Plaintiff's additional exhibits either "rehash arguments previously
8  presented," *Navarro*, 972 F. Supp. at 1299, or "could reasonably have been raised earlier in the
9  litigation." *Kona Enterprises*, 229 F.3d at 890.

10  First, Plaintiff's Exhibit 2, two "Inmate Requests for Interview" forms, merely show that
11  CMO Levine was on notice of Plaintiff's persistent complaints of swelling. This allegation is
12  not new–Plaintiff alleged the same in his Second Amended Complaint and the Court found those
13  allegations sufficient to show that CMO Levine "was aware of Plaintiff's need for surgery and
14  post-operative care." (*See* May 25, 2007 Order at 21, *citing* Pl.'s SAC ¶¶ 30-32, 34, 36, 42-43,
15  47-48.) They do not, however, establish that CMO Levine was deliberately indifferent to
16  Plaintiff's serious medical needs in light of the fact that Levine arranged for Plaintiff's transport
17  to an off-site medical facility on seven separate occasions, (*id.* at 21, *citing* Pl.'s SAC ¶¶ 15-16,
18  25-26, 28, 30-32, 33-34, 37-38, 46, 52), and both Drs. Torchia and Mansfield found Plaintiff's
19  swelling was "normal," "would go away in time," and that he was "healing fine." (*Id.* at 22,
20  *citing* Pl.'s SAC ¶¶ 39-41, 47-48.)

21  Second, Plaintiff's Exhibit 3, an operative report filed by Dr. Barsan in March 2004
22  detailing the extraction of two of Plaintiff's teeth and treatment of the "partially infected fixation
23  plate" in Plaintiff's right mandible, provides further evidentiary support for claims previously
24  alleged in Plaintiff's Second Amended Complaint. However, these allegations were thoroughly
25  considered by the Court when ruling on CMO Levine's Motion to Dismiss, *see* SAC ¶¶ 54-64;
26  May 25, 2007 Order at 5-6; thus, this exhibit likewise does not constitute "new evidence" or
27  support Plaintiff's claim of "clear error." *McQuillion*, 342 F.3d at 1014.
28  / / /

| | |
|---|---|
| 1 | Third, Dr. Torchia's May 15, 2001 letter to CMO Levine also offers no new allegations |
| 2 | or information regarding Plaintiff's post-operative treatment not previously alleged by Plaintiff |
| 3 | or considered by the Court. (*Compare* Pl.'s Ex. A *with* Pl.'s Second Amended Complaint |
| 4 | ("SAC") ¶¶ 30-41.)  In fact, Defendants are correct to note that Dr. Torchia's letter actually |
| 5 | undermines Plaintiff's original allegations. (Def's Opp'n at 4-5.)  Specifically, Plaintiff's |
| 6 | Second Amended Complaint alleges Dr. Torchia informed Plaintiff on May 15, 2001 that "he |
| 7 | had no explanation for [Plaintiff's] swelling," and that he "wrote CMO Levine a note indicating |
| 8 | that "if [Plaintiff's] swelling did not subside within (30) days, that a[] Magnetic Resonance |
| 9 | Imaging ("MRI") would be necessary to determine [its] cause." (FAC ¶¶ 30-31.)  Plaintiff's |
| 10 | Exhibit 1 now appears to be a photocopy of the "note" Plaintiff referred to in his Second |
| 11 | Amended Complaint; however, while it does corroborate Plaintiff's claim that Dr. Torchia "d[id] |
| 12 | not have a[n] explanation for [Plaintiff's] persistent swelling to the right mandible," it further |
| 13 | opines that |

> surgical edema is the most likely reason, and it should resolve with time. It is not uncommon for edema of this nature to take 6 months to resolve especially if the lymphatic system was disturbed from the trauma and the repair. *If swelling persists for 6 months an MRI would be in order to rule out underlying pathology*.

| | |
|---|---|
| 17 | (*See* Pl.'s Ex. 1 (italics added).)  Thus, while Plaintiff claimed that Dr. Torchia notified CMO |
| 18 | Levine that an MRI was *necessary* if swelling did not subside in *30 days*, Torchia's report says |
| 19 | no such thing.  Moreover, rather than showing any "clear error," Plaintiff's newly provided |
| 20 | exhibit provides additional support for this Court's dismissal of Plaintiff's Eighth Amendment |
| 21 | deliberate indifference claims against CMO Levine. *See McQuillion*, 342 F.3d at 1014. |
| 22 | Finally, Plaintiff points to no "intervening change in controlling law" since the Court |
| 23 | issued its May 25, 2007 Order, and this Court has independently confirmed there is none.  *Id.* |
| 24 | At the end of the day, the allegations in Plaintiff's Second Amended Complaint regarding CMO |
| 25 | Levine's purported failure to authorize an MRI Plaintiff believed was necessary amount to no |
| 26 | more than a difference of opinion between a prisoner and his physician over a preferred course |
| 27 | of medical treatment. (*See* May 25, 2007 Order at 19-22.)  The Court has found that these |
| 28 | allegations do not rise to the level of an Eighth Amendment violation, and nothing in Plaintiff's |

Motion for Reconsideration alters that conclusion. *See Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004) (to prevail on a claim involving choices between alternative courses of treatment, a prisoner must show that the chosen course of treatment "was medically unacceptable under the circumstances," and was chosen "in conscious disregard of an excessive risk to [the prisoner's] health.") (citation omitted).

Federal Rule of Civil Procedure 59(e) does not permit reconsideration merely because Plaintiff is unhappy with the judgment, frustrated by the Court's application of the facts to binding precedent or because he disagrees with the ultimate decision. *See* 11 Charles Alan Wright & Arthur R. Miller *Federal Practice & Procedure* 2d § 2858 (Supp. 2007) (citing *Edwards v. Velvac, Inc.*, 19 F.R.D. 504, 507 (D. Wis. 1956)). Without more, Plaintiff has failed to show the clear error Rule 59 requires and has failed to identify intervening changes in controlling law which would justify a "substantive change of mind." *McQuillion*, 342 F.3d at 1014; *Tripati*, 845 F.2d at 206, n.1. Therefore, his Motion for Reconsideration must be denied. *See* FED.R.CIV.P. 59(e).

### III.

#### CONCLUSION AND ORDER

For the reasons set forth above, Plaintiff's Motion for Reconsideration of the Court's May 25, 2007 Order Granting in part and Denying in part Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint pursuant to FED.R.CIV.P. 12(b)(6) [Doc. No. 39] is hereby DENIED pursuant to Fed.R.Civ.P. 59(e) and S.D. CAL. CIVLR 7.1(i)(1).

The docket in this matter shall remain closed.

**IT IS SO ORDERED.**

DATED: October 16, 2007

**WILLIAM Q. HAYES**
United States District Judge